## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF VIRGINIA
### (Norfolk Division)

|  |  |
|---|---|
| **PAMELA PARRIS,** | |
| Plaintiff, | |
| v. | Case No. 2:13-cv-679-MSD-LRL |
| **LAW OFFICES OF SHAPIRO, BROWN & ALT LLP,** *et al.* | |
| Defendants. | |

## PFC'S MEMORANDUM
## IN SUPPORT OF ITS MOTION TO DISMISS

Defendant Professional Foreclosure Corporation of Virginia ("PFC"), by counsel, hereby submits this memorandum in support of its motion to dismiss the Complaint filed by Plaintiff Pamela Parris ("Plaintiff"), pursuant to Federal Rule of Civil Procedure 12(b)(6), and, in support thereof, states as follows:

### INTRODUCTION AND BACKGROUND

This lawsuit attempts to present time-barred, contradictory, and non-existent claims in connection with the scheduling of a foreclosure sale for August 29, 2012, that was subsequently cancelled.[1]  Plaintiff admits that she defaulted on her loan in 2009, *see* Compl. at ¶¶74, 75, and admits that, prior to her default, PNC Bank, N.A. ("PNC Bank")

---

[1]      Plaintiff's counsel has filed numerous other lawsuits asserting FDCPA and other claims against SBA, several of which have been consolidated and are pending at *Moore, et al. v. Shapiro & Burson, LLP, et al.*, E.D.Va. 4:11-cv-122-AWA-TEM.   In addition, Plaintiff has filed a separate lawsuit against PNC Bank in the Richmond Division for allegedly breaching a covenant of good faith and fair dealing in connection with its performance under the Note and Deed of Trust, and various claims under the Fair Credit Reporting Act.  *See Parris v. PNC Mortgage, a division of PNC Bank, N.A., et al.*, E.D.Va. 3:13-cv-860.

began servicing her loan.  *See* Compl. at 73. Plaintiff concedes that she had applied to PNC

Bank for a loan modification or special forbearance, *see* Compl. at ¶82, and that, on

December 28, 2011, PNC Bank notified her that her loan has been referred to its attorney

with instructions to proceed with foreclosure, *see* Compl. at ¶82.[2]  Following such notice,

Plaintiff asserts that on April 30, 2012, Defendant Shapiro, Brown & Alt, LLP ("SBA"),

notified her that the loan had been referred to it for foreclosure, and that Defendant PFC

would be appointed as substitute trustee under the subject Deed of Trust.  *See* Compl. at

¶83.

Asserting that her loan is insured by the Federal Housing Administration ("FHA"),

the gravamen of Plaintiff's lawsuit is her claim that the lender and loan servicer, PNC Bank,

did not satisfy FHA's requirements under 24 C.F.R. §203.604, which were incorporated

into the Deed of Trust as contractual terms, and which required PNC Bank to attempt a

face-to-face meeting with her at least 30-days before the foreclosure sale.  *See* Compl. at

¶¶60, 115, 116, 118, and 119.  Thus, Plaintiff asserts that Defendants PFC and the law firm

of Shapiro, Brown & Alt, LLP, were not authorized to proceed with the foreclosure sale,

*see id.* at ¶119, and asserts that "Defendants scheduled a foreclosure sale without any

authority to do so."  Compl. at ¶121.

Plaintiff also claims that PNC Bank's Appointment of PFC as Substitute Trustee is

defective, because "on information and belief" she claims the signatory of that document

---

[2]      Although Plaintiff attaches a copy of the Note and Deed of Trust to the Complaint,
in her federal lawsuit against PNC Bank, she asserts that she began dealing with Defendant
SBA in 2010, that a prior foreclosure was set in 2010, and that she thereafter signed a loan
modification agreement with PNC Bank agreement on March 31, 2011.  *See Parris v. PNC
Mortgage, a division of PNC Bank, N.A., et al.*, E.D.Va. 3:13-cv-860, at ECF 1, ¶¶6, 50,
51.

2

did not have sufficient personal knowledge or legal standing to do so.  *See* Compl. at ¶110.

Without elaboration, Plaintiff further surmises that the advertisement of the foreclosure

sale was non-complaint with Virginia law, *see* Compl. at ¶113, and that "Defendants

attempted to sell Plaintiff's home without ever seeing the underlying promissory note."

Compl. at ¶112.

Against this backdrop, Plaintiff asserts four categories of claims.  Counts I through

VII purport to present claims under the Fair Debt Collections Practices Act ("FDCPA"),

15 U.S.C. §§1692, *et seq.*[3]  Count VIII asserts that PFC breached fiduciary duties allegedly

owed to her for "failing to act impartially, failing to undertake necessary actions regarding

the attempted foreclosure sale and notice of the alleged foreclosure sale, and by exceeding

the scope of their authority."  Compl. at ¶146.

Count IX purports to assert a fraud claim, claiming that the Appointment of

Substitute Trustee (executed by PNC Bank) misrepresented that PNC Bank was the current

---

[3]     Count I claims that that Defendants violated 15 U.S.C. § 1692g(a)(2), for failing to disclose the creditor to whom the debt was owed within 5 days of the initial communication, *see* Compl. at ¶123, which is alleged to have occurred on April 30, 2012, when Plaintiff was notified that her creditor was PNC Bank.  *See* Compl. at ¶85.  Count II asserts that Defendants violated 15 U.S.C. §1692e(2)(A) for allegedly falsely representing the character, amount or legal status of the debt.  *See* Compl. at ¶126.  Count III asserts that Defendants violated 15 U.S.C. §1692(e)(5) for threatening to take action that cannot legally be taken or that is not intended to be taken.  *See* Compl. at ¶129.  Count IV asserts that Defendants violated 15 U.S.C. §1692e(2)(B) for falsely representing any services rendered or compensation that may be lawfully received by "any debt collection for the collection of a debt [sic]."  Compl. at ¶132.  Count V asserts that Defendants violated 15 U.S.C. 1692e(10) for using a false representation concerning a consumer.  *See* Compl. at ¶135.  Count VI asserts that that Defendants violated 15 U.S.C. §1692f(1) for allegedly collecting any amount not authorized by the agreement creating the debt or permitted by law.  *See* Compl. at ¶138.  Count VII asserts that Defendants violated 15 U.S.C. § 1692(f)(6)(A) by allegedly threatening to take any non-judicial action to affect dispossession or disablement of property when there was not a present right to possession of the property claimed as collateral through an enforceable security interest.  *See* Compl. at ¶141.

holder of the promissory note secured by the Deed of Trust. *See id.* at ¶151. Plaintiff also claims that "Defendants" misrepresented that the signatory of the Appointment had personal knowledge of the allegedly "sworn" statement therein or "legal standing" to take such action. *Id.* at ¶¶152, 153. Plaintiff also claims that in certain correspondence to Plaintiff (which are not attached to the complaint), Defendants misrepresented that the promissory note was unavailable. *See id.* at ¶154. Finally, Count X asserts that the Defendants conspired to foreclose on her home allegedly using false signatures and statements. *See id.* at ¶164.

As discussed herein, not only are Plaintiff's FDCPA claims time-barred, but her state law claims are insufficient as a matter of law. The fiduciary duties claimed by Plaintiff are non-existent, and have consistently been rejected by this Court. Further, notwithstanding that the alleged misrepresentations in the Appointment are made by PNC Bank, and not Defendants, Plaintiff lacks standing to challenge PNC's Appointment of the Trustee; all of her tort claims are barred by the economic loss doctrine; and she fails and cannot sufficiently plead the requisite elements of a fraud claim. Notably, she admits that PNC Bank was her loan servicer, and that she had requested that PNC Bank modify her loan. Yet, she now pretends that it had no authority to do so.

## **Standard of Review**

A complaint must be dismissed if it fails to state a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6)(2012). Although the Court must accept well-plead allegations in Plaintiff's Complaint as true, it is not required to accept conclusory factual allegations, *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979), and cannot assume that "the [plaintiff] can prove facts which [he or she] has not alleged."

*Orcilla v. Bank of Am., N.A.*, 2011 U.S. Dist. Lexis 46639, at *4-5 (N.D. Cal. Apr. 25, 2011) (*quoting Associated General Contractors of California v. California State Council of Carpenters*, 459 U.S. 519, 526, 103 S. Ct. 897, 74 L. Ed. 2d 723 (1983)).  Nor is the Court required to consider unsupported legal conclusions or legal conclusions disguised as factual allegations.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949-50 (2009); *Papason v. Allain*, 478 U.S. 265, 286 (1986); *J.D. Associates LTD*, 213 F.3d 175, 180 (4th Cir. 2000).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Iqbal*, 556 U.S. 662, 129 S.C.t at 1949.  "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  *Id.*

Under Rule 12(b)(6), "a plaintiff's obligations to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not due."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).  Rather, the "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumptions that all the allegations in the complaint are true (even if doubtful in fact)."  *Id.* (citations omitted).  But, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, 'this basic deficiency should… be exposed at the point of minimum expenditure of time and money by the parties and the court.'"  *Id.* at 558 (citation omitted).

Finally, "'a court may consider official public records, documents central to plaintiffs claim, and documents sufficiently referred to in the complaint [without converting a Rule 12(b)(6) motion into one for summary judgment] so long as the authenticity of these documents is not disputed.'"  *Goodrow v. Friedman & Macfadyen.*

*P.A.*, No. 3:11cv20, 2012 U.S. Dist. Lexis 182188, at *8 (E.D. Va. Dec. 27, 2012) (*quoting*

*Witthohn v. Fed. Ins. Co.*, 164 F. App'x 395, 396-97 (4th Cir. 2006)); *see also Gold v. Old*

*Republic Nat'l Title Ins. Co.*, No. 08-13293-SSM, 2010 Bankr. Lexis 4203, at *16 (Bankr.

E.D. Va. Nov. 23, 2010) ("[The] court may consider documents attached to a motion to

dismiss as long as they are integral to the complaint and authentic.") (*citing Sec'y of State*

*for Defence v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007)).

<u>Discussion</u>

I.   **Plaintiff's FDCPA claims (Counts I through VII) are time barred by the
     one-year statute of limitation.**

Plaintiff's FDCPA claims are dead on arrival.  Notably, Plaintiff's FDCPA claims

are subject to one-year limitations period.  <u>See</u> 15 U.S.C. § 1692k(d) ("An action to enforce

any liability created by this title [15 USCS §§ 1692 et seq.] may be brought in any

appropriate United States district court without regard to the amount in controversy, or in

any other court of competent jurisdiction, within one year from the date on which the

violation occurs.").  For example, as to the April 20, 2012 letter that allegedly violated the

Act, any such claim should have been asserted within one year, and is now time-barred.

As to violations premised upon the May 2, 2011 Appointment of Substitute Trustee

("Appointment"), executed by PFC Bank naming PFC as trustee, the Appointment is the

undisputed act of the lender, not PFC, <u>see</u> Am. Compl. ¶¶ 13, 39-41, Ex. 2, *see also* Compl.

¶¶ 17, 57, Ex. 2.  In any event, such claim is likewise time-barred.[4]  Indeed, Plaintiff alleges

---

[4]      As discussed herein, courts have expressly rejected the "duty" claimed by Plaintiffs.
*See Sheppard v. BAC Home Loans*, 2012 U.S. Dist. Lexis 7654, at *24 (W.D. Va. 2012)
("There is no duty (labeled fiduciary or otherwise) found in the deed of trust requiring the
trustee to ensure either that it was properly appointed or that the entity invoking the sale is
the secured party with authority to foreclose.").

no act of PFC or SBA within one-year of the November 29, 2013 filing of this lawsuit. Accordingly, Plaintiff's FDCPA claims under Counts I through VII are barred as a matter of law.

Moreover, although Plaintiff previously nonsuited a state court lawsuit against PNC Bank, which included PFC as a nominal defendant, such nonsuit does not toll the statute of limitations for two reasons.  First, the lawsuit merely named PFC as a nominal defendant, and did not include any FDCPA claims against it.   Indeed, the state court complaint did not seek any damages whatsoever, but merely sought to enjoin the foreclosure sale.  (The complaint also contradicts Plaintiff's claims regarding PNC Bank's rights as Noteholder, and PFC appointment as trustee.).  A copy of the state court lawsuit is attached as Exhibit A.

Second, state law provisions under Virginia Code §8.01-225, extending the statute of limitation upon a nonsuit, do not apply to a federal statute of limitation.  *See Pendleton v. Nat'l Wildlife Fed'n*, 2010 U.S. Dist. Lexis 29433 (W.D. Va. Mar. 26, 2010); *see also Kinson v. United States*, 322 F. Supp. 2d 684, 687 (E.D. Va. 2004) ("Because the Virginia tolling provisions do not apply to the accrual date of the FTCA claim, the Court finds that Plaintiff's lawsuit was not timely filed.").

For example, in *Pendleton*, the United States District Court for the Western District of Virginia explained, in the context of a Title VII claim, that the Virginia "[non-suit tolling] statute, which provides that the applicable statute of limitations is tolled by the commencement of a non-suited action and for six months thereafter, does not apply to the time limits set forth in a federal statute such as Title VII. In other words, because Title VII actions are governed by a federal statute of limitations, state tolling provisions are

inapplicable." *Id.* (*citing Garrison v. Int'l Paper Co.*, 714 F.2d 757, 759 n.2 (8th Cir. 1983); *see also Draper v. United States Pipe & Foundry Co.*, 527 F.2d 515, 522 (6th Cir. 1975) (stating that "[because] Title VII establishes its own statute of limitations,… state law is irrelevant in determining whether a private individual has lost [her] right of action under Title VII through the passage of time."); *Brown v. Hartshorne Pub. Sch. Dist. No. 1*, 926 F.2d 959, 961 (10th Cir. 1991) (emphasizing that "[w]hen Congress has provided a federal statute of limitation for a federal claim,… state tolling and saving provisions are not applicable"); *Neal v. Xerox Corp.*, 991 F. Supp. 494, 499 (E.D. Va. 1998) (holding that Virginia's non-suit provision did not save the plaintiff's Title VII action, since such action is governed by a federal 90-day limitation period)).  Accordingly, Plaintiff's prior non-suit of their state law complaint will not extend the federal limitations period under 15 U.S.C §1692(k).

## II.  **Plaintiff fails to allege a viable breach of any fiduciary duty owed under the Deed of Trust; her claimed duties are non-existent.**

Under Count VIII, Plaintiff asserts that SBA and PFC "fail[ed] to act impartially, fail[ed] to undertake necessary actions regarding the attempted foreclosure sale and notice of the alleged foreclosure sale, and [] exceed[ed] the scope of their authority."  Compl. at ¶146.

Although PFC is the substitute trustee under the Deed of Trust, *see* Compl. at ¶6, "[t]he powers and duties of a trustee in a deed of trust, given to secure the payment of a debt, *are limited and defined by the instrument under which he acts*." *Powell v. Adams*, 179 Va. 170, 174 (1942); *see also Pham v. Bank of N.Y.*, 856 F. Supp. 2d 804, 811 (E.D. Va. 2012) ("[A]lthough the trustee under a deed of trust is the agent of both the debtor and the creditor, Virginia law provides that the trustee's duties are limited and defined by the

instrument under which he acts, and the Deed of Trust here. . . contains no duty requiring the trustee to ensure either that it was properly appointed or that the entity invoking the sale is the secured party with authority to foreclose." (internal citations and quotations omitted)).  Therefore, the trustee's role in the foreclosure and duties thereunder are defined and limited to those duties set forth under the deed of trust and by statute. *See Sheppard v. Countrywide Home Loans Servicing LP*, 2012 U.S. Dist. Lexis 7654 (W.D. Va. Jan. 24, 2012) (*citing Warner v. Clementson*, 254 Va. 356, 361, 492 S.E.2d 655, 657 (1997) (*quoting Powell*, 179 Va. At 174, 18 S.E.2d at 263)); *see also Horvath v. Bank of New York, N.A.*, No. 1:09-cv-01129, 2010 U.S. Dist. Lexis 19965, 2010 WL 538039, at *1 (E.D. Va. Jan. 29, 2010), *aff'd*, 641 F.3d 617 (4th Cir. 2011).

Paragraph 18 of the Deed of Trust grants the Trustee express and limited contractual duties.[5]  These duties relate to the procedure of the sale and do not address the servicer's entitlement to foreclose.  Indeed, Section 18 provides that, "[i]f Lender invokes the power of sale, Lender or Trustee shall give Borrower (and owner of the Property, if a different person) notice of sale in the manner prescribed by applicable law."  Compl. at Ex B, (Deed of Trust), at Section 18.   The provisions continue to specify the advertisement requirements, and procedure for conveying the property.

Plaintiff admits that she received notice from Defendant SBA in advance of the scheduled August 29, 2012 foreclosure sale.  *See* Compl. at ¶104.  That sale was cancelled. Plaintiff does not allege otherwise, in fact, her complaint is premised upon the scheduling

---

[5]      The Deed of Trust allows a trustee to advertise the foreclosure sale, sets forth the time within which the sale must occur, the public auction of the property, delivery of a trustee's deed conveying the property to the purchaser at auction, and the application of the proceeds from the foreclosure sale. *See* Deed of Trust, at ¶ 18.

of the sale.  *See* Compl. at ¶121.  Other than advance notification of the sale, which may be given by the Lender, in the absence of a sale, no other duty is implicated.

In *Sheppard v. BAC Home Loans Servicing, LP*, 2012 U.S. Dist. Lexis 7654 (W.D. Va. Jan. 24, 2012), the court explained that: "There is no duty (labeled fiduciary or otherwise) found in the deed of trust requiring the trustee to ensure either that it was properly appointed or that the entity invoking the sale is the secured party with authority to foreclose." *Id.*

Likewise, in *Goodrow*, this Court explained that there is no requirement that that the trustee engage in due diligence to check behind a lender's basis to foreclose, or ensure compliance with foreclosure prerequisites.  *See Goodrow*, 2012 U.S. Dist. Lexis 182188, *30-31 ("Plaintiffs' claims here similarly fail to state that the deeds of trust required Defendants to ensure compliance with pre-foreclosure conditions or that the deeds of trust required Defendants to ensure that they received the necessary documentations").  Accordingly, the Court rejected the plaintiffs' attempts to argue that the defendants breached their "fiduciary duty" of impartiality by failing to Comply with the Fannie Mae Servicing Guide, noting that borrowers lack standing to enforce contracts between loan servicers and lenders.  *See id.*, 2012 U.S. Dist Lexis 182188 at 20-21 n. 8.

Indeed, *Giovia v. PHH Mortg. Corp.*, this Court recently reaffirmed that the trustee's duties are contractual, and do not embrace the duties demanded by Plaintiff:

> Although a deed of trust gives rise to certain fiduciary duties, *Goodrow v. Friedman & MacFadyen, P.A.*, No. 3:11cv00020, 2012 U.S. Dist. Lexis 182188, 2012 WL 6725617, at *6 (E.D. Va. Dec. 27, 2012); *Carter v. Countrywide Home Loans, Inc.*, No. 3:07cv00651, 2008 U.S. Dist. Lexis 67014, 2008 WL 4167931, at *11 (E.D. Va. Sept. 3, 2008), it is "treated under the same principles as [a] contract[], and the trustee only owes those duties that are

listed in the deed of trust itself." *Carter*, 2008 U.S. Dist. Lexis 67014, 2008 WL 4167931, at *11. A trustee under a deed of trust has no due diligence duty. *Horvath v. Bank of New York, N.A.*, No. 1:09cv01129, 2010 U.S. Dist. Lexis 19965, 2010 WL 538039, at *1 (E.D. Va. Jan. 29, 2010) (dismissing breach of trustee's fiduciary duty claim and finding that plaintiff did not allege any such duties existed in the deed of trust or facts establishing a duty of impartiality). Further, there is no common law duty of impartiality incumbent on a trustee. *Goodrow*, 2012 U.S. Dist. Lexis 182188, 2012 WL 6725617, at *8 (*citing Sheppard v. BAC Home Loans Servicing, LP*, No. 3:11cv00062, 2012 U.S. Dist. Lexis 7654, 2012 WL 204288, at *7 (W.D. Va. Jan. 24, 2012) (refusing to find a common law fiduciary duty of impartiality owed to borrowers by trustees)).

Plaintiffs do not rebut defendant PFC's contention that its duties as fiduciary are defined solely by the Deed of Trust, and point to no part of the Deed of Trust expressly supporting its allegations that PFC breached those duties other than Paragraph 19, which speaks only to acceleration, cancellation of acceleration, and the like with regard to the "borrower" and the "lender." . . . Indeed, it appears that PFC's only affirmative duty under the Deed of Trust with respect to plaintiffs was its duty to give them notice of the foreclosure sale - notice that plaintiffs admit they received. . . . Because plaintiffs have not alleged a breach of any duty arising out of the Deed of Trust and no duty of impartiality is recognized at common law. . . .

*Giovia v. PHH Mortg. Corp.*, 2013 U.S. Dist. Lexis 162578, at *30-32 (E.D. Va. Nov. 13, 2013).  Accordingly, Plaintiff's breach of fiduciary duty claim should be dismissed.

### III.    Plaintiff's fraud claim is not plausible, and fails as matter of law.

Under the guise of fraud, Plaintiff claims that Defendants SBA and PFC made a misrepresentation in the Appointment of Substitute Trustee [executed by PNC Bank] that they had knowledge that PNC Bank was the current Noteholder.  *See* Compl. at ¶151. Plaintiff also claims that Defendants misrepresented that the signatory of the Appointment had personal knowledge of the allegedly "sworn" statement therein or "legal standing" to

take such action.  *See id.* at ¶¶152, 153.  Plaintiff claims that, in their correspondence to Plaintiff (which are not attached to the Complaint), Defendants misrepresented that the promissory note was unavailable, and that that they had knowledge that PNC was the current noteholder.  *See id.* at ¶¶154, 155.  None of these claims are sufficient to state a claim for relief.

First, Plaintiff's lacks standing to challenge the manner of execution of the Appointment by PNC Bank.  Second, Plaintiff fails to satisfy the requisite elements of fraud.  Third, as the duties under the Deed of Trust are contractual, Plaintiff's fraud and other tort claims are barred by the economic loss doctrine.

### A.        Plaintiff lacks standing to challenge the Appointment of PFC as trustee.

In *Bennett v. Bank of America, N.A.*, 2012 U.S. Dist. Lexis 54725 (E.D. Va. Apr. 18, 2012), this Court determined that the borrower lacked standing to challenge the validity of an appointment of substitute trustee, because "he was not a party to the document appointing PFC," and further did "not allege any particular way in which the method used to execute the documents harmed him."  *Id.* at *21-22.

Further, in *In Re: Mortgage Electronic Registration Systems (MERS) Litigations*, 2011 U.S. Dist. Lexis 117107 (D. Ariz. Oct. 3, 2011), a consolidated case involving 72 foreclosures spanning four non-judicial foreclosure states, the United States District Court for Arizona rejected similar challenges in granting the defendant's motion to dismiss.  *See id.*  In that case, at issue was the involvement of Mortgage Electronic Registration Systems, Inc. ("MERS"), and included allegations that "Defendants caused to be recorded various assignments, substitution of trustees, notices of trustee's sales and trustee's deeds upon sale, which were false because they 'contained false claims, or were otherwise invalid

12

based on MERS' status of making the assignments as 'beneficiary'' . . . [and] that the assignments were 'robosigned,' that is notarized in blank prior to being signed on behalf of MERS.  *Id.* at \*40.  The federal court rejected the claims for several reasons.

Addressing the "robosigning" allegations, the federal court explained that such claims fail absent an allegation that the documents were not authorized, and signed without knowledge of the representations contained in the document.  *See id*.  Specifically, the Court explained:

> [T]he allegations of robosigning do not state a claim for two reasons.  **In the first place, Plaintiffs have not pled sufficient facts that parties who are represented to have signed the MERS Assignments, "did not sign the document, and/or did not have the authority to sign the document, and/or did not have knowledge of the representation contained in the document."**  These legal conclusions are not supported by sufficient factual pleading.

*Id.*, 2011 U.S. Dist. Lexis 117107, at \*42 (Emphasis added).

Further, the Arizona federal court determined that, even if the borrower could assert that the documents were executed without authorization or knowledge of the signatory, the borrower lacked standing to challenge an assignment between the lender and MERS:

> Yet, even if these allegations were well pled, Plaintiffs lack standing to challenge the validity of the MERS assignments. Even if an assignment were voidable, an action to declare an assignment void could only be brought by someone who can demonstrate a concrete and particularized injury in fact that is fairly traceable to the challenged assignment. No such injury is alleged. Thus, Plaintiffs, as third-party borrowers, are uninvolved and unaffected by the alleged Assignments, and do not possess standing to assert a claim based on such. *See Bridge v. Aames Cap. Corp.*, 2010 WL 3834059, at \*3 (N.D. Ohio, Sept. 29, 2010) ("Borrower certainly has an interest in avoiding foreclosure. But the validity of the assignments does not affect whether Borrower owes its obligations, but only to whom Borrower is obligated . . .).

*Id.*, 2011 U.S. Dist. Lexis 117107, at *43.

Here, Plaintiff's claims on "information and belief" are not plausible.  Not only does Plaintiff essentially confirm PNC Bank's intention to appoint PFC as trustee in alleging that the bank notified her that the loan was being referred for foreclosure, *see* Compl. at ¶82, but the subject document itself is notarized in Ohio, by PNC Bank.  *Cf.* Virginia Code §17.1-223 ("[a] document which appears on its face to have been properly notarized in accordance with the Virginia Notary Act (§ 47.1-1 et seq.) shall be presumed to have been notarized properly and may be recorded by the clerk.");  *Harkins v. Forsyth*, 38 Va. 294, 305 (Va. 1840) ("The deed then is made to depend, not upon the truth of the certificate, but upon its existence, and its delivery to the clerk; and if so, the enquiry whether it be true or false is an immaterial enquiry.")

Other than speculation, no affirmative allegation is made that this particular document is not signed and/or intended to be signed by the named signatory.  Indeed, Plaintiff previously filed a state court complaint against PNC Bank, which also named PFC solely as a necessary party (without any FDCPA or other claims) and admitted that PNC Bank was her lender, and that it appointed PFC as trustee.  *See* Ex. A.

**B.      Plaintiff fails to allege a viable fraud claim.**

Under Virginia law, a viable claim for fraud requires: (1) a false representation; (2) of a material fact; (3) made intentionally and knowingly; (4) with intent to mislead; (5) reliance by the party misled; and (6) resulting in damage to the party misled.  *See State Farm Mut. Auto. Ins. Co. v. Remley*, 270 Va. 209, 218, 618 S.E.2d 316, 321 (2005).

"In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed.R. Civ. P. 9(b); *accord Mortarino v. Consultant Eng'g*

14

*Servs.*, 251 Va. 289, 295, 467 S.E.2d 778, 782 (1996). "The circumstances include 'the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby.'" *Spaulding v. Wells Fargo Bank, N.A.*, 714 F.3d 769, 781 (4th Cir. 2013) (citation omitted).

Here, not only do Plaintiff's allegations fail to satisfy the requisite elements of fraud, but they are both insufficient and self-contradicting. Indeed, as to Plaintiff's attack on the Appointment of Substitute Trustee, her claims are undermined by the document itself, which indicate that it is signed by PNC Bank, and notarized in Ohio. A copy of the Appointment recorded in the land records of Virginia Beach is attached as <u>Exhibit B</u>. Indeed, Plaintiff herself admits that PNC Bank advised her that the loan would be referred to foreclosure. *See* Compl. at ¶82.

Any claim regarding PNC Bank's method of executing the Appointment, is insufficient to state a fraud claim. Notably, in *Bennett*, the Court determined that the plaintiff failed to state a cause of action for fraud because his challenge to the appointment was legally insufficient, and because, regardless, he failed to demonstrate that any misrepresentation was intended to mislead him, explaining:

> Plaintiff further alleges that [the lender] and PFC defrauded him by presenting PFC's appointment as valid. This claim, too, fails for several reasons. Most obviously, because Plaintiff has not plausibly alleged that PFC's appointment was invalid in the first instance, Plaintiff has not pled facts from which the Court can reasonably infer the first element of fraud—a false representation.
>
> Second, even if the appointment were technically deficient, Plaintiff has not alleged facts which reasonably demonstrate that [the lender] misrepresented a material fact with the intent to mislead. *Wolf* is again instructive. In that case, the court found that any misrepresentation by the lending bank was neither material nor intended to mislead because the

15

> document appointing PFC as substitute trustee, regardless of whether its pages were attached when it was executed, captured the intent of both the bank and PFC to be bound by it. In other words, both the bank and PFC wanted PFC to take over as trustee."

*Bennett v. Bank of Am., N.A.*, 2012 U.S. Dist. Lexis 54725, at *24-25 (E.D. Va. Apr. 18, 2012).

Nor has Plaintiff alleged reliance on any representation by PFC. *Accord Wolf v. Fannie Mae*, 830 F. Supp. 2d 153, 165 (W.D. Va. 2011), *aff'd* at 512 Fed. Appx. 336 (4th. Cir. 2013) ("[A]t no point does Wolf allege one of the requisite elements of a fraud claim: that Defendants had the intent to mislead her. Indeed, Defendants convincingly argue that they could not have done so given the fact that the document appointing PFC was recorded and a copy of it was mailed to Wolf. That the appointment of PFC as substitute trustee may have suffered from procedural irregularities—a contention that Defendants unequivocally deny—does not make it a false representation as required by Virginia law, nor one intended to mislead Wolf.").

Indeed, the property has not been foreclosed.  Rather than relying on anything allegedly represented by PFC, Plaintiff challenged the foreclosure in state court, asserting that PNC Bank failed to satisfy the face-to-face meeting requirements which were incorporated into the Deed of Trust.  *See* Ex. A.

Nor has Plaintiff alleged a material misrepresentation.  Even ignoring the actual language of the Appointment, any claim that PNC Bank is not the noteholder is insufficient to undermine the validity of the foreclosure, or the appointment of PFC as trustee.  The document clearly indicates that PNC Bank is the "holder or authorized agent of the holder of the Note secured by the Deed of Trust."  Ex. A.  Even crediting Plaintiff's allegations

for purposes of a motion to dismiss, PNC Bank is entitled to appoint a trustee as loan servicer, regardless of its status as noteholder.  *See Giovia*, 2013 U.S. Dist. Lexis 162578, at *28 ("Because PHH, as the servicer of the loan, was empowered to initiate foreclosure proceedings, it had the authority to appoint PFC to conduct the foreclosure."); *Goodrow v. Friedman & Macfadyen, P.A.*, 2012 U.S. Dist. Lexis 182188, at *26 (E.D. Va. Dec. 27, 2012) ("[A]t least one Virginia federal court has found that a servicer may appoint a substitute trustee as a matter of contract and agency law." (*citing Larota-Florez v. Goldman Sachs Mortgage Co.*, 719 F. Supp. 2d 636, 640-41 (E.D. Va. 2010), *aff'd per curium* at Appeal No. 10-1523 (4th Cir. July 28, 2011)); *see also Shepherd v. Burson*, 427 Md. 541, 552, 50 A.3d 567, 574 (2012) (holding that the secured party under a deed of trust includes the holder of the promissory note, even if such holder is merely a loan servicer); *McFadden v. Fannie Mae*, 2013 U.S. App. Lexis 10067 (4th Cir. Va. May 20, 2013) (unreported) ("Flagstar was not prohibited from appointing a substitute trustee simply because Flagstar had assigned the loan to Fannie Mae.  Such a transfer, which is permitted under the plain language of the deed of trust and the note, did not impede Flagstar's ability to serve as the new lender's agent.").

Likewise, as to allegations regarding the availability of the note, such claims are not material.  Notably, even if true (for purposes of argument), it is unclear how Plaintiff could be harmed by an alleged "misrepresentation" concerning the unavailability of the original note.  With possession of the original note at the time of the letter, as holder or non-holder in possession with rights of holder, *see* Va. Code §8.3A-301(ii), PNC Bank would be entitled to enforce the note, and Plaintiff would not be afforded a right under Va. Code §55-59.1(B) to seek adequate protection.  Thus, the notice of unavailability of the

promissory note afforded Plaintiff greater rights than she would have if the note was available.

Moreover, under Virginia Code Section 55-59.1(B), where the original promissory note is unavailable, a foreclosure sale may proceed provided that the borrower is notified that the promissory note is lost or for any reason cannot be produced, and the trustee obtains an affidavit from the secured party to that effect.  *See* Va. Code §55-59.1(B)[6].

---

[6]        Specifically, Virginia Code §55-59.1(B) provides:

> B. [1] If a note or other evidence of indebtedness secured by a deed of trust is lost or <u>for any reason</u> cannot be produced and [2] the beneficiary submits to the trustee an affidavit to that effect, [3] the trustee may nonetheless proceed to sale, [4] provided the beneficiary has given written notice to the person required to pay the instrument that the instrument is unavailable and a request for sale will be made of the trustee upon expiration of 14 days from the date of mailing of the notice. The notice shall be sent by certified mail, return receipt requested, to the last known address of the person required to pay the instrument as reflected in the records of the beneficiary and shall include the name and mailing address of the trustee. [5] <u>The notice shall further advise the person required to pay the instrument that if he believes he may be subject to a claim by a person other than the beneficiary to enforce the instrument, he may petition the circuit court of the county or city where the property or some part thereof lies for an order requiring the beneficiary to provide adequate protection against any such claim.</u> [6] If deemed appropriate by the court, the court may condition the sale on a finding that the person required to pay the instrument is adequately protected against loss that might occur by reason of a claim by another person to enforce the instrument. [7] Adequate protection may be provided by any reasonable means. [8] If the trustee proceeds to sale, the fact that the instrument is lost or cannot be produced shall not affect the authority of the trustee to sell or the validity of the sale.

Va. Code § 55-59.1 (alterations added, emphasis added).

Under that statute, if the borrower believes that he may be subject to more than one claim under the promissory note, she can petition the Court for adequate protection. Absent a request and grant of adequate protection, where an affidavit is furnished to the trustee, Section 55-59.1 provides that "[i]f the trustee proceeds to sale, the fact that the instrument is lost or cannot be produced shall not affect the authority of the trustee to sell or the validity of the sale." *Id.* Obviously, in cases where the original note furnished prior to the trustee proceeding to sale, an affidavit is not necessary. *See generally Horvath*, 641 F.3d 617 (4th Cir. 2011).

Thus, to the extent that Plaintiff complains that she received notice that the original note was unavailable, then she obtained the opportunity to dispute the PNC Bank's right to foreclose if she truly believed that it was not the correct entity, by petitioning the circuit court for adequate protection. Tellingly, Plaintiff never sought such remedy. Nor has she alleged reliance or even the potential of damages from such statement, particularly as the property has not yet been foreclosed.

Consequently, the alleged "misrepresentation" is neither material, nor would it mislead the borrower in any way. *Accord Donohue v. Quick Collect, Inc.*, 592 F.3d 1027, 1033 (9th Cir. Wash. 2010) ("false but non-material representations are not likely to mislead the least sophisticated consumer and therefore are not actionable under §§ 1692e or 1692f."). In sum, Plaintiffs fails to properly plead the elements of a fraud claim.

**IV.    Under the economic loss rule, Plaintiff cannot transpose a claim under the deed of trust into a fraud or other tort claim.**

Plaintiff cannot rely upon the contractual relationship of the Deed of Trust to impose tort liability. Notably, the economic loss rule bars Plaintiff's claims for lack of compliance with the Deed of Trust. *See In re Whalen*, 2011 Va. Cir. Lexis 277, *5 (Va.

Cir. Ct. Nov. 16, 2011) ("[T]he economic loss rule bars any claim based upon the execution of the deed of trust."). Thus, "losses suffered as a result of the breach of a duty assumed only by agreement, rather than a duty imposed by law, remain the sole province of the law of contracts." *Filak v. George*, 267 Va. 612, 618, 594 S.E.2d 610 (2004). The economic loss rule was created to differentiate between tort losses and breach of contract losses. *See id*. "The primary consideration underlying tort law is the protection of persons and property from injury, while the major consideration underlying contract law is the protection of bargained for expectations. Thus, when a plaintiff alleges and proves nothing more than disappointed economic expectations, the law of contracts, not the law of torts, provides the remedy for such economic losses." *Id.* (internal citations omitted).

Here too, the duties owed by PFC and PNC Bank are contractual, and therefore Plaintiff's claims for violation of those duties are barred by the economic loss doctrine. *See Salazar v. US Bank NA*, 82 Va. Cir. 344 (Fairfax 2011) (Thacher, J.). Indeed, in *Salazar* the Circuit Court of Fairfax County sustained the trustee's demurrer to the borrower's negligence and breach of fiduciary claims for alleged breaches of the duty of impartiality and ordinary care, explaining "these fiduciary duties are nothing more than duties imposed upon Equity resulting from the Deed of Trust, which undoubtedly constitutes a contract." *Salazar*, at 347 (*citing* Va. Code § 55-59 (2011) (every deed of trust to secure debts or indemnify sureties is in the nature of a contract)); *Virginia Hous. Dev. Auth. v. Fox Run Ltd. P'ship.*, 255 Va. 356, 365, 497 S.E.2d 747, 753 (1998) (deeds of trust and notes, when executed together, constitute a single contract); *Belvin's Ex'r v. Belvin*, 167 Va. 355, 362, 189 S.E. 315, 318 (1937) (under Virginia law, deeds of trust are treated under the same principles as contracts)).

Likewise, in *Goodrow v. Friedman & Macfadyen, P.A.*, 2012 U.S. Dist. Lexis 182188 (E.D. Va. Dec. 27, 2012), the federal court explained that in Virginia "'deeds of trust are treated under the same principles as contracts, and the trustee only owes those duties that are listed in the deed of trust itself.'" *Id.*, at *21 (*quoting Carter v. Countrywide Home Loans, Inc.*, Civil Action No. 3:07cv651, 2008 U.S. Dist. Lexis 67014, 2008 WL 4167931, at *11 (E.D. Va. Sept. 3, 2008) (Dohnal, J.)).   Therefore, the *Goodrow* Court determined that "[a] trustee under a deed of trust has no due diligence duty and only owes duties listed in the deed of trust."   *Id.* (*citing Horvath v. Bank of New York, N.A.,* Civil Action No. 1:09-cv-1129, 2010 U.S. Dist. Lexis 19965, 2010 WL 538039, at *1 (E.D. Va. Jan. 29, 2010) (Trenga, J.) (dismissing breach of trustee's fiduciary duty claim and finding that plaintiff did not allege any such duties existed in the deed of trust or facts establishing impartiality)), *aff'd* 2011 U.S. App. Lexis 10152 (4th Cir. 2011). Thus, even if Plaintiff believes that PFC is obligated to ensure that the Appointment is valid, because PFC's duties are contractual, Plaintiff cannot impose tort liability for such alleged failure to fulfill its duty under the Deed of Trust.

> **A.   Plaintiff's allegations regarding PNC Banks's failure to comply with the face to face requirements is a contractual duty at best, which is likewise barred by the economic loss doctrine, and not properly plead against PFC.**

Relatedly, any failure to comply with the "face to face" meeting requirements is a contractual duty, not a statutory duty, which would also be barred by the economic loss doctrine.   As to these claims, the gravamen of Plaintiff's challenge is that PNC Bank (not Defendants) failed to comply with FHA's face to face requirements imposed upon its mortgagees and loan servicers.   However, any rights to a face-to-face meeting are not statutory rights afforded to Plaintiff, but rather contractual duties allegedly owed by PNC

under the Deed of Trust. *See* Compl. at ¶¶58, 59 (discussing provisions of deed of trust incorporating FHA regulations); *see also id.* at ¶62.

Notably, in *Scott v. Wells Fargo Home Mortg., Inc.*, 2004 U.S. Dist. Lexis 28781 (E.D. Va. Dec. 15, 2004), *aff'd in part and rev in part on other grounds at* 143 Fed. Appx. 525 (4th Cir. 2005), this Court explained that "there is no private right of action that exists for enforcement of HUD regulations." *Id.*, at *18 (*citing Perry v. Housing Auth. of Charleston*, 664 F.2d 1210 (4th Cir. 1981)). Rather, any rights to a face-to-face meeting are dependent upon the contractual terms of the Deed of Trust, specifically, Section 9 of the Deed of Trust. *See generally Kluxen v. PNC Mortg.*, 2010 U.S. Dist. Lexis 93437 at *8-9 (E.D. Va. Sept. 8, 2010) ("The primary issue in this case appears to be whether the alleged failure of the Defendant to comply with the requirements of 24 C.F.R. § 203.604 constitutes a breach of the contract between Plaintiff and Defendant. Plaintiff seeks no independent relief under 24 C.F.R. § 203.604, only contending that compliance with its provisions is mandated under the contract as a prerequisite to foreclosure. This issue is squarely governed by interpretation of the contract under state law and does not require resolution of a substantial question of federal law."); *accord Green Tree Servicing, LLC v. Eddie*, 2013 U.S. Dist. Lexis 62877 (S.D. Ohio May 2, 2013) ("Although a HUD regulation is an element of the contract, the result will not depend on an interpretation of the federal regulation, but instead on the terms and conditions of the deed of trust.")

Thus, in *Mathews v. PHH Mortg. Corp.*, the Supreme Court of Virginia determined that the face-to-face requirement for an FHA-insured loan was a contractual term incorporated by the Deed of Trust itself. *See Mathews v. PHH Mortg. Corp.*, 283 Va. 723,

734, 724 S.E.2d 196, 201 (2012). Consequently, under the economic loss doctrine, the failure to satisfy such contractual requirement cannot be the basis of a tort claim.

In any event, as explained in *Goodrow v. Friedman & Macfadyen, P.A.*, 2012 U.S. Dist. Lexis 182188 (E.D. Va. Dec. 27, 2012), the requirements for the face-to-face meeting are imposed upon the lender, not the trustee. Specifically, the *Goodrow* court explained:

> In *Mathews*, the Supreme Court of Virginia concluded that "a **lender** must comply with all conditions precedent to foreclosure in a deed of trust even if the borrower[ ] [is] in arrears." *Id.* at 199 (emphasis added). The Mathews court concluded that the failure to pay on a note does not materially breach a deed of trust thereby barring a homeowner from enforcing any condition precedent to foreclosure. *Id.* The Mathews court also concluded that the deed of trust at bar there incorporated HUD regulations as conditions precedent to foreclosure. *Id.* at 203. However, the Mathews decision specifically addressed the obligations of a lender, and not those of the trustee, who was not a party to the Mathews litigation.

*Goodrow v. Friedman & Macfadyen, P.A.*, 2012 U.S. Dist. Lexis 182188 (E.D. Va. Dec. 27, 2012) (Emphasis in original); *see also* 24 C.F.R. §203.604(b) ("The *mortgagee* must have a face-to-face interview with the mortgagor . . .") (emphasis added).

In sum, Plaintiff's allegations are insufficient to establish a tort claim against PFC, and are in any event barred by economic loss doctrine**.**

**V.     Plaintiff has no conspiracy claim.**

Finally, Plaintiff's nondescript conspiracy claim is likewise deficient for the same reasons her other tort claims fail. As an initial matter, "[c]laims for conspiracy must be plead with particularity." *See Tomlin v. IBM, Corp.*, 84 Va. Cir. 280, 295-296 (Va. Cir. Ct. 2012) (*citing Bowman v. State Bank of Keysville*, 229 Va. 534, 541, 331 S.E.2d 797 (1985)); *Commercial Business Sys. v. Bellsouth Servs.*, 249 Va. 39, 48 (Va. 1995) ("A

common law conspiracy consists of two or more persons combined to accomplish, by some concerted action, some criminal or unlawful purpose or some lawful purpose by a criminal or unlawful means.").  In order to survive a motion to dismiss, Plaintiff must "at least" plead the requisite concert of action and unity of purpose in more than "mere conclusory language." *Bay Tobacco, LLC v. Bell Quality Tobacco Prods., LLC*, 261 F. Supp. 2d 483, 499 (E.D. Va. 2003).

Moreover, "without proof of the underlying tort, there can be no conspiracy to commit the tort." *Commercial Bus. Sys. v. Halifax Corp.*, 253 Va. 292, 300, 484 S.E.2d 892 (1997); *see Almy v. Grisham*, 55 Va. Cir. 401, 404 (Va. Cir. Ct. 2001) ("For a conspiracy claim to be viable, the plaintiff must allege all of the elements of the underlying claim in order to make a prima facie case for conspiracy to commit that claim.").  Yet, the essence of a claim for civil conspiracy is the "damage caused by the acts committed in pursuance of the formed conspiracy and <u>not</u> the mere combination of two or more persons to accomplish an unlawful purpose or use an unlawful means." *Almy v. Grisham*, 273 Va. 68, 81 (Va. 2007).

Here, Plaintiff has not alleged facts with sufficient particularity to establish a conspiracy, including an agreement to commit an unlawful act, or use unlawful means to commit a lawful act.  Notably, Plaintiff's conspiracy claim is based on conclusory allegations regarding the relationship between Defendants rather than any concerted actions taken by each and/or unlawful purpose among them.  For the reasons described in greater detail above, Plaintiff cannot claim to have been damaged, particularly in light of her prior state court action and given that the August 29, 2012 foreclosure did not occur.

Nor can Plaintiff state a viable tort claim.  Therefore, Plaintiff has not sufficiently articulated a claim for conspiracy, and Count XI must be dismissed.

**<u>Conclusion</u>**

For the reasons set forth more fully above, the Complaint fails state a claim upon which relief can be granted as to PFC.  Therefore, Defendant Professional Foreclosure Corporation of Virginia respectfully request that the Complaint be dismissed with prejudice, that they be awarded their fees in this action, and for such other relief as may be just and proper.

Respectfully submitted,

**PROFESSIONAL FORECLOSURE
CORPORATION OF VIRGINIA**
*By Counsel*

Dated: January 2, 2014

*/s/ Bizhan Beiramee*
Bizhan Beiramee, Esq., VSB #50918
McGinnis Wutscher Beiramee LLP
7508 Wisconsin Avenue, Second Floor
Bethesda, Maryland 20814
(301) 547-3805 (telephone)
(703) 483-9599 (facsimile)
bbeiramee@mwbllp.com

**Certificate of Service**

I hereby certify that on the 2nd day of January, 2014, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF System, which will then send a notification of such filing (NEF) to the following:

Leonard A. Bennett, Esq.
Susan Rotkiss, Esq.
Robin Abbott, Esq.
Gary L. Abbott, Esq.
Consumer Litigation Associates, P.C.
763 J. Clyde Morris Boulevard, Suite 1_A
Newport News, Virginia 23601
Phone: (757) 930-3660
Fax: (757) 930-3662
lenbennett@clalegal.com
srotkiss@clalegal.com
rabbottlaw@msn.com
gary@clalegal.com
*Counsel for Plaintiffs*

*/s/ Bizhan Beiramee*_____
Bizhan Beiramee, Esq.